LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com

Attorney for Samantha Speck, Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAMANTHA SPECK, | Case No.: 2:14-cv-1674 |
| Plaintiff, | |
| vs. | |
| COMPASSROCK REAL ESTATE, LLC, a Delaware limited liability company, | **COMPLAINT** |
| | JURY DEMAND |
| Defendant. | |

Plaintiff SAMANTHA SPECK states as follows:

## Jurisdiction

1. This is an action for damages arising under the following federal laws:

   a. The Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101-12213;

   b. Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; and

   c. The Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611-2654.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights action), 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 12117(a) (ADA), and 29 U.S.C. § 2617(a)(2) (FMLA). This Court also has supplemental jurisdiction over any and all pendent state law claims pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this complaint are believed to have occurred in the State of Nevada, in the County of Clark; therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue properly lies in the southern division of the United States District Court for the District of Nevada.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 1 of 8

**Exhaustion of Administrative Remedy**

4.     On or about November 22, 2013, Ms. Speck filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), stating that she was subjected to unlawful discrimination in employment due to disability, and to unlawful retaliation for engaging in protected activity, during her employment with Defendant CompassRock Real Estate, LLC. This Charge was assigned Charge No. 487-2014-00091. A true and correct copy of this Charge of Discrimination is attached as Exhibit 1.

5.     By letter dated July 15, 2014, the EEOC issued its "Dismissal and Notice of Rights" to Ms. Speck. A true and correct copy of this Notice is attached as Exhibit 2.

6.     Ms. Speck subsequently received this Notice.

7.     This action has been filed with this Court within 90 days of the date of the "Dismissal and Notice of Rights" sent to Ms. Speck and within 90 days of Ms. Speck's receipt of said notice. Therefore, this action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

8.     Ms. Speck, therefore, has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**General Allegations**

9.     Ms. Speck repeats the allegations contained in paragraphs 1 to 8, *supra*.

10.    Ms. Speck is a citizen of the State of Nevada and a resident of Clark County, Nevada.

11.    Defendant CompassRock Real Estate, LLC, is a limited liability company organized under the laws of the State of Delaware. Its principal places of business in Nevada is 1600 S. Valley View Boulevard, Las Vegas, Nevada, and/or 6871 W. Charleston Boulevard, Las Vegas, Nevada. These addresses are located within Clark County, Nevada.

12.    Defendant CompassRock Real Estate, LLC, was the employer of Ms. Speck at the time of her termination.

  a.     For purposes of this allegation, the term "employer" is given the definition set forth at 42 U.S.C. § 2000e(b).

  b.     For purposes of this allegation, the term "employer" is given the definition set forth at 42 U.S.C. § 12111(5).

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

13. Defendant had over 15 employees at all times relevant to this matter.

14. Defendant had over 50 employees working within a 75-mile radius of 1450 E. Pebble Road, Las Vegas, Nevada, which was Ms. Speck's work location, at all times relevant to this matter.

15. On or about October 28, 2011, Ms. Speck commenced her employment at "Destinations at Pebble," located at 1450 E. Pebble Road, Las Vegas, Nevada.

16. The following particulars of the claims of unlawful discrimination and retaliation to which Ms. Speck was subjected during her employment at "Destinations at Pebble" are set forth in the Intake Questionnaire and Charge of Discrimination that she filed with the EEOC:

    a. Throughout her employment at "Destinations at Pebble," Ms. Speck was employed in the position of Leasing Agent / Activity Director.

    b. Ms. Speck is a person who had a disability at times relevant to this matter. Ms. Speck has suffered from herniated disc and degenerative disc disease in her lower back.

    c. On or about October 24, 2012, Ms. Speck submitted a note from her treating physician for purposes of informing her employer about her physical limitations. Ms. Speck's treating physicians specifically stated that the amount of lifting, bending and twisting that Ms. Speck could perform was limited and, therefore, these limitations would need to be taken into account in setting Ms. Speck's job duties.

    d. Lifting and carrying weights are major life activities that were substantially limited by Ms. Speck's back and spine condition.

    e. Defendant failed to engage in an interactive process with Ms. Speck and her treating physician regarding her physical impairments and limitations. Ms. Speck was not given any accommodation to her disability even though it would have feasible, and would not have a hardship on her employer, to restructure her position to accommodate her disability. For example, Ms. Speck's shopping duties could have been assigned to co-workers. On occasion, a co-worker with greater lifting capabilities accompanied her on shopping trips, although this was not done upon Defendant's specific instruction. Or, in the alternative, Ms. Speck's work duties could have been limited to leasing agent work. Her employer failed and refused to make any sort of accommodation to Ms. Speck's known disability.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 3 of 8

  f. On March 19, 2013, Ms. Speck's co-worker Hector Hernandez was involuntarily terminated from his employment at "Destinations at Pebble."

  g. Mr. Hernandez asserted that he was subjected to unlawful discrimination during his employment at "Destinations at Pebble" in violation of federal and/or Nevada law.

  h. In or around May 2013, Ms. Speck was unilaterally placed on a "light duty" job assignment, although this job assignment did not provide a complete and acceptable reasonable accommodation to Ms. Speck's disabilities.

  i. Also in or around May 2013, Ms. Speck was interviewed about Mr. Hernandez's allegations of unlawful discrimination. Ms. Speck's employer was dissatisfied with Ms. Speck's responses to the questions asked. Ms. Speck responded truthfully to all questions that were asked and corroborated at least in part some of the allegations levied by Mr. Hernandez against his former employer.

  j. Within a few days of this interview, Ms. Speck was written up and received disciplinary based on frivolous, unsubstantiated allegations.

  k. A few days after that, Ms. Speck was forced by her employer to take a medical leave of absence under the FMLA.

  l. By forcing Ms. Speck onto FMLA, Ms. Speck's employer clearly regarded her as being disabled even though she was able to perform the essential functions of her job with a reasonable accommodation.

  m. Ms. Speck would have been able to continue performing the essential functions of her job if she had been given the reasonable accommodation that took fully into account the work restrictions and remaining capabilities noted by Ms. Speck's treating physician.

  n. Ms. Speck was promptly terminated upon her exhaustion of 12 weeks of FMLA leave.

17. Ms. Speck was fired by her employer at "Destinations at Pebble" on August 12, 2013.

## First Claim for Relief

*Unlawful employment discrimination due to disability in violation of the ADA*

18. Ms. Speck repeats the allegations contained in paragraphs 1 to 17, *supra*.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

19. Ms. Speck's back and spine condition constitutes a disability under the ADA for the following reasons:

    a. She had a physical impairment that substantially limited one or more major life activities, including but not limited to standing, lifting, walking and bending.

    b. She was regarded by her employer as having such impairment.

20. Throughout the time period relevant to this matter, and at the time of Ms. Speck's termination, Ms. Speck was a qualified individual who, with reasonable accommodations, could perform the essential functions of her position.

21. By the actions set forth above, Defendants violated 42 U.S.C. § 12112(a) by unlawfully discriminating against Ms. Speck in failing, refusing or unnecessarily delaying reasonable accommodations to her known disabilities when she was able to perform the essential functions either with or without reasonable accommodation and, instead, forcing her to use FMLA leave to the point that all federally-mandated leave time had been exhausted.

22. Defendants further violated 42 U.S.C. § 12112(a) because Ms. Speck's employment was terminated on the basis of her disability:

    a. Ms. Speck was a qualified individual with a disability under the ADA.

    b. She was qualified to perform the essential functions of her position.

    c. She was involuntarily terminated from her employment.

23. Because Defendants failed to provide a reasonable accommodation to Ms. Speck's disability and because Defendants unlawfully discriminated against Ms. Speck and subjected her to disparate treatment because she either had a disability or was regarded as being disabled, Defendants must pay Ms. Speck damages in an amount to be determined at trial for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

24. Because Defendants have been guilty of oppression, fraud or malice, express or implied, Defendants must pay Ms. Speck an additional amount for the sake of example and by way of punishment.

25. Ms. Speck has had to procure the services of an attorney to protect her rights and

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

secure compensation for damages incurred as a result of these violations of the ADA; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 12205.

### Second Claim for Relief

*Unlawful retaliation in violation of Title VII*

26. Ms. Speck repeats the allegations contained in paragraphs 1 to 253, *supra*.

27. By the actions set forth above, and in the papers filed with the EEOC, Defendants violated 42 U.S.C. § 2000e-3(a) because Defendants unlawfully retaliated against Ms. Speck in the terms and conditions of his employment due to the fact that Ms. Speck stated opposition to the discriminatory treatment of her co-worker Hector Hernandez by their employer(s).

28. Because Defendants unlawfully retaliated against Ms. Speck in response to her opposition to employment practices that she believed in good faith to be unlawful, in violation of Title VII of the Civil Rights Act of 1964, Defendants must pay Ms. Speck damages in an amount to be determined at trial for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

29. Because Defendants have been guilty of oppression, fraud or malice, express or implied, Defendants must pay Ms. Speck an additional amount for the sake of example and by way of punishment.

30. Ms. Speck has had to procure the services of an attorney to protect her rights and secure compensation for damages incurred as a result of these violations of Title VII; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

### Third Claim for Relief

*Interference with rights under the Family and Medical Leave Act*

31. Ms. Speck repeats the allegations contained in paragraphs 1 to 30, *supra*.

32. The Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611-2654, entitles eligible employees of covered employers to at least 12 weeks of leave over a designated 12-month time period for any of the reasons set forth in 42 U.S.C. § 2612(a)(1).

33. An employer cannot compel an employee to take a medical leave under the FMLA as an alternative to offering an employee a reasonable accommodation under the ADA. Such actions

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

constitute an unlawful interference with an employee's rights under the FMLA for the following reasons:

    a.    The employee would be forced to take unpaid leave time rather than continuing to work and earn a living a job modified with reasonable accommodations.

    b.    The employee would be forced to exhaust all FMLA time, which would leave no time to cover other situations in which having available FMLA leave time would have been necessary.

34.    Defendants interfered with Ms. Speck's rights under the FMLA when Ms. Speck was compelled to take a leave of absence under the FMLA rather than having her employer(s) offer her a reasonable accommodation that would have allowed her to continue working. Defendants violated 29 U.S.C. § 2615(a)(1) by unlawfully interfering with, denying, or restraining Ms. Speck's right to leave under the FMLA by forcing her to take FMLA leave rather than accommodating her disability, which caused Ms. Speck to prematurely exhaust her leave time under the FMLA.

35.    Because Defendants unlawfully interfered with Ms. Speck's protected rights under the FMLA, Ms. Speck has been damaged by an amount to be determined at trial.

36.    Ms. Speck is further entitled to an award of punitive damages and liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because of this unlawful interference with her FMLA rights.

37.    Ms. Speck has had to procure the services of an attorney to protect her rights and secure compensation for the damages incurred as a result of these violations of the FMLA; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff SAMANTHA SPECK prays that the following judgment be entered upon a trial by jury, against Defendants COMPASSROCK REAL ESTATE, LLC, a Delaware limited liability company, and AG-ICC DESTINATIONS ONE CAREFREE PEBBLE OWNER, L.L.C., a Delaware limited liability company, dba DESTINATIONS AT PEBBLE:

1.    Monetary damages in an amount to be determined at trial, which continue to accrue;

2.    An award of interest on the amount owed;

3.    Punitive damages;

4.    An award of attorneys' fees and costs pursuant to 42 U.S.C. § 12205, 42 U.S.C.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

§ 2000e-5(k), 29 U.S.C. § 2617(a)(3), and/or any other applicable law;  and

    5.    Any further relief that this Court deems just.

    Respectfully submitted,

    LAW OFFICES OF ROBERT P. SPRETNAK

    By: */s/ Robert P. Spretnak*
        Robert P. Spretnak, Esq.

    Attorney for Samantha Speck, Plaintiff

    8275 S. Eastern Avenue, Suite 200
    Las Vegas, Nevada 89123

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 8 of 8